Case No: 5:18 cv 202

---

United States District Court
Northern District of West Virginia
Wheeling Division

---

Cynthia Salamanca,

Petitioner,


vs.


Warden,
Defendant.

---

Memorandum In Support of § 2241

---

Cynthia Salamanca
Reg. # 79155-083
SFF-Hazelton
P.O. Box 3000
Bruceton Mills, WV  26525


* Brief drafted with the help of an attorney.

# Table of Contents

Procedural History............................................. 1

Summary of Argument........................................... 3

Savings Clause................................................ 4

Flores-Figueroa is a substantive, non-constitutional,
Statutory interpretation Supreme Court decision, and is,
therefore, retroactively applicable on collateral review......... 5

Cynthia Salamanca's Conduct.................................. 7

Aggravated Identity Theft § 1028A............................ 7

Identity Fraud § 1028........................................ 8

Flores-Figueroa Decision..................................... 9

Conclusion.................................................. 12

Certificate of Service........................................ 13

## Procedural History

On September 30, 2011, a criminal complaint was filed charging Cynthia Salamanca with one count of conspiracy to make false statements and commit aggravated identity theft and social security fraud. On october 18, 2011, a grand jury charged Ms. Salamanca with one count of conspiracy to commit identification fraud (Ct 1); one count of conspiracy to commit honest services fraud (Ct 2); and five counts of aggravated identity theft (Cts 3-7).

On November 21, 2011 Ms. Salamanca pled guilty to all counts, and on February 22, 2012, the Court entered judgment against Ms. Salamanca and sentenced her to a total of 171 months of incarceration. The sentence as to count one- imprisonement of 51 months and supervised release of two year; count two- imprisonment of 51 months to be served concurrently, and supervised release of two years to run concurrently; counts three-six imprisonment of 24 months each count, to be served consecutively; with supervised release of one year each count, to run concurrently; and count seven- imprisonment of 24 months, to be served consecutively, supervised release of one year to run concurrently. Ms. Salamanca did not appeal.

On February 26, 2013, Ms. Salamanca's mother filed § 2255 on behalf of her daughter.  The court dismissed Salamanca's § 2255 on April 29, 2013 because Salamanca did not qualify as 'next friend' standing, and court therefore did not have jurisdiction.

On May 31, 2013 counsel Jerome M. Brown filed a Motion for Relief under FRCP 60(b), requesting the court to allow counsel to file a Memorandum in Support of §2255 and reopen the dismissed court order, or in the alternative permit equitable tolling.   The court denied

Salamanca's Rule 60(b) motion on January 10, 2014.

Salamanca files this motion under § 2241, invoking the savings clause of § 2255 concerning her aggravated identity theft charges. Salamanca's claim is that she is actually innocent of aggravated identity theft pursuant to <u>Flores-Figueroa</u> decision.

## Summary of the Argument.

Cynthia Salamanca files this § 2241, under the savings clause of § 2255, because the decision in <u>Flores-Figueroa</u> is a substantive, non-constitutional, statutory interpretation, Supreme Court case that narrowed and defined the statutory phrase of "knowingly transfers to another person without lawful authority" under § 1028(A) involves people injured when a third party used their names or financial information (credit card or social security numbers) <u>without consent</u>. <u>Flores-Figueroa</u>, 556 U.S. at 655

This circuit has always held Supreme Court decisions that are statutory interpretations case holdings to satisfy the savings clause of § 2255(e) retroactivity requirement without the Supreme Court expressly stating or declaring them to be retroactive.

Accordingly this court should rule that <u>Flores-Figueroa</u> to be retroactive to Cynthia Salamanca, because the interpretation made above applies to Ms. Salamanca as each persons identification had given consent, and Ms. Salamanca has no victims on her case. The Flores-Figueroa court articulated clearly the difference between Aggravated Identity theft under § 1028(A), and Fraud and related activity in connection with identification documents, under § 1028. Accordingly, Ms. Salamanca is actually innocent of her charges of Aggravated Identity Theft Section 1028(A).

## Saving Clause

The Fourth Circuit 'saving clause' test confines the use of the savings clause to "instances of actual innocence" of the underlying offense of conviction, not just innocence of a sentencing factor.

§ 2241 as intended, is to address the 'execution' of a sentence, rather than its validity, but, the savings clause of §2255(e)- inadequate or ineffective  allows a portal to bring forth this claim is:(1) the time of conviction, the settled law of this Court or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and § 2255, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not be criminal, and (3) the prisoner cannot satisfy the gate-keeper provisions of § 2255 because the new rule is not one of constitutional law. In re: Jones, 226 F.3d 228, 333-34 (4th Cir. 2000). The Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction Rice v. Rivera, 617 F3d 802, 807 (4th Cir. 2010) and does not extend to the petitioner who challenges only their sentences. United States v Poole, 531 F.3d 623 (4th Cir. 2008).

In the instant case Salamanca claims to be actual innocent of the charge of Aggravated Identity Theft, as their was no 'theft' involved as each person agreed and consented to the use of their identity, thus not meeting the required elements of aggravation. The Flores-Figueroa court articulated beautifully the difference between the two Statutes of Aggravated Identity theft and it's neighboring statute of § 1028 Documentation Fraud or Identity Fraud.

**Flores-Figueroa is a substantive, non-constitutional, statutory interpretation Supreme Court decision, and is, therefore, retroactively applicable on collateral review.**

It is well settled in this Circuit that substantive, non-constitutional, statutory interpretation Supreme Court decisions always apply retroactively.

In Halstead, the defendant brought a claim under § 2255 on the Supreme Court decision in United States v Santos, 553 U.S. 507 (2008) that clarified the ambiguous term "proceeds" in the money laundering statute, 18 U.S.C.S. § 1956.  The government and the Fourth Circuit Court of Appeals agreed that Santos applies retroactively to cases on collateral review.[1]

Similarly, the defendant in Miller v United States, 735 F.3d 141 (4th Cir. 2013) brought a claim under § 2241 by way of writ of error coram nobis, based on United States v Simmons, 649 F.3d 237 (4th Cir. 2011).[2]  In Simmons, this Court via direction from the United States Supreme Court, vacated the defendants conviction for possession of a firearm by a convicted felon, in violation of  18 U.S.C.S. § 922(g)(1), by establishing that it did not reach the defendant whose prior convictions could have resulted in a sentence of more than one year in prison. It was a new substantive rule that was retroactive.

Likewise, in Re: Jones, 226 F.3d 328 (4th Cir. 2000), this Court held the Supreme Court's holding in Bailey v United States, 516 US 137 (1995), which narrowed the statutory term "use" in 18 U.S.C. §924(c)(1) to require active employment of a firearm, to apply retroactively on collateral review.

In Jones, the Fourth Circuit Court of Appeals, first articulated the savings clause test of § 2255 noting that:

> "Applying this holding to Jones' case, we conclude
> that he is entitled to file a habeas petition in
> the district court of his confinement pursuant to
> § 2241....Jones is incarcerated for conduct that is
> not criminal. " <u>Jones</u> 226 F.3d 328.

There is a distinction between the treatment of a new Constitutional rule and the Supreme Court's interpretation of a statute Id at 330. The <u>Jones</u> court concluded that the <u>Bailey</u> claim was not subject to the retroactivity analysis of a new constitutional rule because it was a statutory interpretation decision. The Court noted that the Supreme Court holding in <u>Bousley v United States</u>, 523 U.S. 614 (1998), "that <u>Bailey</u> is retroactively applicable on collateral review that <u>Bailey</u> does not implicate the retroactivity analysis set forth in <u>Teague v. Lane</u> [ 489 U.S. 288 (1989)], and therefore ... applies retroactively to cases on collateral review.  <u>Bailey</u> establishes that a prisoner whose conviction rests on an improper definition of "use" is incarcerated for conduct that is not criminal, and that a <u>Bailey</u> claim is properly considered on collateral review...  under these limited circumstances, § 2255 is inadequate to test the legality of the prisoners detention, and accordingly that the prisoner may file a habeas petition under § 2241 <u>Re. Jones</u> @ 333.

---

1    When the Supreme Court issues new rulings in criminal cases, substantive rules generally apply retroactively, while procedural rules do not <u>Schriro v Summerlin</u>, 542 U.S. 348, 351,  124 S. Ct 2519, 159 L.Ed 2d 442 (2004) "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes" Id at 353, and "rules" include "decisions that narrow the scope of a criminal statute by interpreting its terms" Id at 351.  In <u>Santos</u>, the Court did narrow the scope of the money laundering statute by interpreting the term "proceeds" in § 1956(a)(1) to mean "net profits" of an illegal gambling business rather than its 'gross receipts this court held that Santos applies retroactively on collateral review <u>Halsted</u> at 274.

2   In <u>Simmons</u>, the Fourth Circuit required the lower court to look at how much prison time the defendant was exposed to given his own criminal history at the time he was sentenced and any aggravated factors that were actually alleged against him.

## Salamanca's Conduct

In the instant case, Salamanca is accused of identifying individuals willing to allow others to use their names to obtain false ID's. Salamanca created fake electrical and other utility bills to support the residency requirements to obtain an identification. Salamanca had a contact at the Department of Motor Vehicles, and introduced her contact to the person wishing to receive an identification The DMV employee would set the price for the identification, and Salamanca would verify the price with the person who wished to obtain the identification. Obviously, to obtain an identification with your own picture, you had to present yourself to the DMV. Thus, Salamanca and the intended customer drove to the DMV together, and Salamanca pointed out her DMV contact. The intended customer presented themselves to the DMV official, the intended customer presented the fake utility bill Salamanca created and the DMV official processed the application for identification. In all instances, the names of the individuals presented to the DMV were consenting adults who knew what their information was being used for and permitted the use. In fact, there was no evidence that a 'victim' of theft was involved in this case, the PSR does not indicate a victim(s), and it was discussed at the sentencing hearing that each identification was obtain through consent and not theft.

## AGGRAVATED IDENTITY THEFT

Section 1028(A)(a)(1) provides that anyone who, in connection with a list of other crimes, "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years. Section 1028(A)(c) provides the list of predicate offenses- Honest Services Fraud under

§ 1347 is on the list.  Salamanca acknowledges that she lacked lawful authority to sell counterfeit utility bills.  But she contends that a utility bill is not a 'means of identification'.  In fact, Salamanca argues that 'knowingly transfers to another person without lawful authority' refers to a victim rather than to a person who consented to the transaction. To appreciate the difference and to place the argument in context a detailed review of identity fraud helps to clear the matter.

**FRAUD and related activity in connection with identification documents.**

Section 1028, makes it a crime to do any of the following circumstances.

(1) knowingly and without lawful authority produces and identification feature, or a false identification document;

(2) knowingly transfers an identification document, authentification feature, or a false identification document knowing that such a document or feature was stolen or produced without lawful authority;

(3) knowingly  possesses with intent to use unlawfully or transfer unlawfully five or more identification documents (other than those issued lawfully for the use of the possessor), authentifcation features, or false identification documents;

(4) knowingly possesses an identification document (other than one issued lawfully for the use of the possessor), authentification feature, or a false identification document, with the intent such document or feature be used to defraud the United States;

(5) knowingly produces, transfers, or possesses a document- making implement or authentification feature with the intent such document making implement or authentifcation feature will be used in the production of a false identification document or another document-making implement or authentification feature which will be so used;

(6) knowingly possesses an identification document or authentification feature that is or appears to be an identification document or authentification feature of the United States or a sponsoring entity of an event designated as a special event of national significance which is stolen or produced without lawful authority knowing that such document or feature was stolen or produced

8

(7)   knowingly transfers, possesses, or uses, without lawful authority a means of identification of another person with the intent to commit, or to aid or abet, in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law; or

(8)   knowingly traffics in false or actual authentication features for use in false identification documents, document-making implements, or means of identification;  18 U.S.C. § 1028(a).

The transactions of Salamanca and her customers fit squarely into paragraphs 1-4, and 7 as well, because she made a document that aided and abetted others efforts to obtain a false identification from the DMV.

## FLORES-FIGUEROA v. UNITED STATES, 556 U.S. 646

The Flores-Figueroa court addressed one issue regarding the word "knowingly".  They also examined the legislative history and the Solicitor General's views on when it is appropriate to charge Aggravated Identity Theft - (§ 1028A), or Identity Fraud - (§ 1028). The Flores-Figueroa court observed that the examples in legislative history of § 1028(A) involve people injured when a third party used their names or financial information (credit card or social security numbers) **without consent. 556 U.S. at 655.**  And the court also observed that "Congress separated the fraud crime from the theft crime in the statute itself"(ibid) by giving §1028 and § 1028(A) different titles and placing the rules in different sections.

The Solicitor General views and response to the Supreme Court that "[t]he statutory text makes clear that the sine qua non of Section 1028(A)(a)(1) offense is the presence of a real victim". Brief for the United States in Flores-Figueroa v. United States, No. 08-108, at 20 (Jan. 2009). Pages 19-22 of that brief give several reasons why the Solicitor General concluded that identity theft crimes entail a victim whose information has been used without consent.

In the United States vs. Spears, 729 F.3d 753 (7th Cir. 2013) the Court of Appeals looked to the actions of defendant Christopher Spears. Spears made a counterfeit handgun permit for a codefendant, who was awaiting trial on a drug charge and could not obtain a legitimate permit. The codefendant used the fake credential which contained her own name and birthdate and attempted to purchase a gun. The gun dealer became suspicious and declined the sale of the gun and contacted federal law enforcement. Spears was arrested and it was then discovered that he had sold other fake credentials, such as drivers' licenses. Spears was convicted of five felonies, including aggravated identity theft, 18 U.S.C. § 1028A, and sentenced to 34 months in prison, 10 months on four of the five counts, to run concurrently, plus two years imprisonment under § 1028A, which is a mandatory consecutive term of prison. Spears appealed three of his five convictions. The Seventh Circuit affirmed two while reversing the third.

The Seventh Circuit looked at the meanings of "another person" in the identity theft statute, and determined that there was ambiguity in the term. The court ultimately decided that 'another person' meant a "person who did not consent to the information's use", and because the person to whom defendant Spears transferred the counterfeit handgun permit, which used the other person's name and birth date, had consented, the aggravated identity theft conviction was overturned.

In its ruling the court looked at both the aggravated identity theft statute under § 1028A, and the identity fraud statute under §1028. The court stated that "Providing a client with a bogus credential containing the client's own information is identity fraud but not identity theft" at /5/. Flores-Figueroa the court noted, used the caption of § 1028A to explicate its text. 556 U.S. at 655. The Supreme Court noting

the phrase "another person" is ambiguous: neither text nor context tells us whether "another" means "person other than the defendant" or "person who did not consent to the information's use".  Spears use of identities had all been through consent. The court ruled that "another person" refer to a person who did not consent to the use of the "means of identification".  Two of Spears convictions were vacated, and the case was remanded for resentencing on those three convictions.

The instant case is similar and different from <u>Spears</u>.  Specifically, like the defendant in Spears, the Petitioner made counterfeit utility bills, through the consent of another person.  She then transferred that utility bill to a client, who presented the bill to the Department of Motor Vehicles to obtain drivers licenses. Like Spears, there is no victims in this case, and like Spears this was done through consent.

This case is different from Spears because the petitioner did not preserve this argument, nor did she file direct appeal and she filed an out of time § 2255.  This court should find that the Petitioners case mirrors the Spears case and rule similarly.

Nowhere in the face of the record, nor anywhere else, will the Court find evidence that the Petitioner 'stole' another persons identity.  Nor will there be any evidence to suggest that this fraud was done without consent, of 'another person'.  Because of the ambiguity of the statute and the Solicitor General's brief on the appropriate use of aggravated identity theft.  This court should hold that the petitioner is convicted of a crime she is actually innocent of and should appoint counsel and hold an evidentiary hearing.

## Conclusion

Ms. Cynthia Salamanca has outlined her points of authority and argument why she meets the requirements of this circuits savings clause.  She has presented argument that Flores-Figueroa is a substantive, non-constitutional, statutory interpretation Supreme Court decision, which is retroactively applicable on collateral review under § 2241.  Flores-Figueroa is applicable to Salamanca's case.  Salamanca' brief outlines the Solicitor General's own understanding of the use of Aggravated Identity Theft, and when it is applicable along with Identity Fraud and when that is appropriately charged.  Salamanca's creation of identity documents through utility bills amounts to identity fraud, making her actually innocent of the charges of identity theft.

Salamanca asked this Court to APPOINT her Counsel and allow her to prove her case.

Respectfully Submited

Cynthia Salamanca # 79155-083
SFF-Hazelton
PO Box 3000
Bruceton Mills,  WV  26525

## Certificate of Service

I Cynthia Salamanca, have place two copies of Application for § 2241, and Memorandum In Support of § 2241, in the prison mail system on this __10th__ day, of  December 2018.  Both copies were mailed to the district court of northern  West Virginia at the below referenced address, with the appropriate affixed postage.

United States District Court
Northern District of West Virginia
Wheeling Division
PO Box 471
Wheeling,  WV  26003


Respectfully,


Cynthia Salamanca # 79155-083
SFF-Hazelton
PO Box 3000
Bruceton Mills, WV  26525